## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**KATHRYN BRACCIANO,**

     **Plaintiff,**

                                  **CASE NO.:**

**v.**

                                  **DIVISION:**

**OUT-OF-DOOR ACADEMY**
**OF SARASOTA, INC.,**

     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Kathryn Bracciano, by and through undersigned counsel, brings this action against Defendant, Out-of-Door Academy of Sarasota, Inc., and in support of her claims states as follows:

### JURISDICTION AND VENUE

1.      This is an action for damages and for declaratory relief, for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq, as amended by the Pregnancy Discrimination Act, 42 U.S.C. §2000e(k) ("PDA").

2.      Venue is proper in this district, because all of the events giving rise to these claims occurred in this district.

### PARTIES

3.      Plaintiff is a resident of Manatee County, Florida.

4.      Defendant operates a private school in Sarasota, in Sarasota County, Florida.

### GENERAL ALLEGATIONS

5.      Plaintiff has satisfied all conditions precedent, or they have been waived.

6.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7.      Plaintiff requests a jury trial for all issues so triable.

8.      At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the PDA and Title VII.

9.      At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the PDA Title VII.

## FACTS

10.      Plaintiff was employed by Defendant from August 2015 to February 2020 as a teacher.

11.      Plaintiff is a female who, immediately preceding her termination, became pregnant and took maternity leave.

12.      Thus, Plaintiff is a member of a protected class, and on account of her protected status, Plaintiff benefits from the protections of Title VII as amended by the PDA.

13.      Plaintiff performed the job for which she was hired in a satisfactory manner.

14.      In or around February 2019, Plaintiff disclosed her pregnancy to her supervisor, Principal Julie Bianchi, who began to treat Plaintiff differently by not returning emails and communicating with Plaintiff about necessary job functions. The lack of communication from Ms. Bianchi to Plaintiff continued through the remainder of the spring 2019 semester.

15.      In or around June, 2019, Defendant informed Plaintiff that Fernando Azcona-Meza would be filling in for her during her maternity leave.

16.      Plaintiff went on maternity leave from August 2019 through November 13, 2019.

17.      However, upon her return Plaintiff was told that not only would Mr. Azcona-Meza would be taking one of Plaintiff's classes and was also assigned to co-teach with Plaintiff.

18.     No other middle school teachers at Defendant's school were assigned a co-teacher.

19.     In December 2019, Defendant signed a new contract with Mr. Azcona-Meza to stay on as a full-time teacher.

20.     Plaintiff had multiple sick days and her two personal days available in January 2020.

21.     Plaintiff had been experiencing mild post-partum depression.

22.     Plaintiff woke up not feeling well on January 31, 2020. Having already planned an out of town trip for the weekend because her brother was visiting from out-of-state, Plaintiff put in for a sick day, in accordance with Defendant's previous approvals for the use of sick time.

23.     Plaintiff also utilized her accrued personal days in accordance with Defendant's previous approvals for the use of such days.

24.     Upon her return on February 5, 2020, Defendant made Plaintiff meet with Principal Julie Bianchi and Human Resources Lisa Cobert who gave Plaintiff a written warning for allegedly not notifying the division head prior to her absences.

25.     Three further meetings were held regarding the matter during which time Defendant accused Plaintiff of misusing the January 31st sick day.

26.     However, Plaintiff used her sick day in accordance with Principal Bianchi's past approvals.

27.     Defendant has authorized a male employee to utilize his sick days to attend his own wedding.

28.     When confronted with these allegations, Plaintiff informed Defendant she believed Defendant had issued the verbal warning, and also continued to discipline Plaintiff for the same infraction, due to her time off for her pregnancy.

29.     After Plaintiff became pregnant and utilized maternity leave, Defendant had no intention of retaining Plaintiff and contracted with Mr. Azcona-Meza to take over Plaintiff's position.

30.     Before terminating Plaintiff, Defendant posted Plaintiff's position as open and recruited applicants.

31.     On February 21, 2020, Defendant directed Plaintiff to resign or she would be terminated.

32.     Thus, Plaintiff was subjected to disparate treatment on the basis of her sex.

33.     Plaintiff complained about this disparate treatment to Defendant.

34.     Defendant took no remedial action in response.

35.     On or about February 27, 2020, only three months after returning from maternity leave, Defendant retaliated against Plaintiff for invoking her rights under Title VII by terminating Plaintiff's employment for a pre-textual reason and giving her position to the teacher Defendant contracted with in December 2019.

## COUNT I – TITLE VII VIOLATION
### (SEX DISCRIMINATION)

36.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 35 of this Complaint, as though fully set forth herein.

37.     Plaintiff is a member of a protected class under Title VII as amended by the PDA.

38.     Plaintiff was subjected to disparate treatment on the basis of her sex, including requiring Plaintiff's resignation of her employment.

4

39.     Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

40.     Defendant's actions were willful and done with malice.

41.     Plaintiff was injured due to Defendant's violations of Title VII as amended by the PDA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issue and that this Court take jurisdiction over the case;

c)      An injunction restraining continued violation of Title VII by Defendant;

d)      Compensation for lost wages, benefits, and other remuneration;

e)      Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f)      Any other compensatory damages, including emotional distress, allowable at law;

g)      Punitive damages;

h)      Prejudgment interest on all monetary recovery obtained.

i)      All costs and attorney's fees incurred in prosecuting these claims; and

j)      For such further relief as this Court deems just and equitable.

## COUNT II – TITLE VII RETALIATION

42.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 35 of this Complaint, as though fully set forth herein.

43.     Plaintiff is a member of a protected class under Title VII as amended by the PDA.

5

44. Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII under the PDA.

45. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating Plaintiff's employment.

46. Defendant's actions were willful and done with malice.

47. In terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

48. Plaintiff was injured due to Defendant's violations of Title VII as amended by the PDA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under Title VII;

d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e) Compensation for lost wages, benefits, and other remuneration;

f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g) Front pay;

h) Any other compensatory damages, including emotional distress, allowable at law;

i)        Punitive damages;

j)        Prejudgment interest on all monetary recovery obtained.

k)        All costs and attorney's fees incurred in prosecuting these claims; and

l)        For such further relief as this Court deems just and equitable.

## <u>JURY TRIAL DEMAND</u>

Plaintiff demands trial by jury as to all issues so triable.

Dated this 10th day of November, 2020.

Respectfully submitted,

/s/ Brandon J. Hill
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**